# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN ALBERTO GUTIERREZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-CV-0409-CVE-TLW |
| JUSTIN JONES, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response to the petition (Dkt. # 7), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. # 7, 8, 9). Petitioner filed a reply (Dkt. # 18). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On October 3, 2006, in Tulsa County District Court, Case No. CF-2006-182, Petitioner, entered a blind plea of nolo contendere to Possession of a Controlled Dangerous Substance (Methamphetamine) (Count I), and blind pleas of guilty to Possession of Paraphernalia (Count II), and Obstructing an Officer (Count III). In Case No. CF-2006-882, Petitioner entered blind pleas of nolo contendere to all three of the following charges: Trafficking in Illegal Drugs (Count I), Possession of Marijuana (Misdemeanor) (Count II), and Resisting an Officer (Count III). See Dkt. # 9. On November 27, 2006, the trial judge found Petitioner to be guilty and sentenced him as follows: in Case No. CF-2006-182, to ten (10) years imprisonment (Count I), and to one (1) year imprisonment on each of Counts II and III; and in Case No. CF-2006-882, to life imprisonment (Count I), and one (1) year imprisonment for each of Counts II and III. See Dkt. # 9-1. The sentence

in CF-2006-182 was ordered to be served concurrently with the sentence in CF-2006-882, and the misdemeanor sentences were to run concurrently with each felony count. Id. Petitioner was represented by attorney Brian Rayl at the change of plea hearing.

Petitioner filed a motion to withdraw his pleas of guilty. On January 4, 2007, the trial court held a hearing and denied the motion. See Dkt. # 9-2. Petitioner was represented by attorney Elliot Z. Smith during the proceedings on the motion to withdraw plea.

Continuing to be represented by attorney Smith, Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA). He raised two (2) propositions of error, as follows:

> Proposition 1: But for the ineffective assistance of counsel, Appellant would not have entered a blind plea resulting in his life sentence.
>
> Proposition 2: It was an abuse of discretion to deny the Appellant's motion to withdraw his plea.

(Dkt. # 7, Ex. 1). On July 17, 2007, in an unpublished summary opinion filed in Case No. C-2007-54 (Dkt. # 7, Ex. 2), the OCCA denied the petition. Nothing in the record suggests Petitioner filed an application for post-conviction relief.

Petitioner filed his federal habeas corpus petition on July 16, 2008 (Dkt. # 1). He raises two (2) claims, as follows:

> Ground 1: Ineffective assistance of counsel. Gutierrez would not have entered a blind plea resulting in his life sentence.
>
> Ground 2: It was an abuse of discretion to deny Gutierrez's motion to withdraw his plea.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief. See Dkt. # 7.

2

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on certiorari appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In denying the petition for certiorari, the OCCA adjudicated the issues raised as grounds 1 and 2 in the habeas petition. Thus, this Court shall review those grounds under § 2254(d).

**1. Ineffective assistance of counsel (ground 1)**

As his first proposition of error, Petitioner argues that his attorney provided ineffective assistance in advising him to enter blind pleas of no contest resulting in a life sentence. See Dkt. # 1. Petitioner claims that his attorney told him he would receive a sentence of four to ten years if he entered a blind plea. The OCCA rejected this claim, citing Strickland v. Washington, 466 U.S. 668 (1984), and finding that Petitioner had failed "to show counsel's performance was not objectively reasonable, and counsel was not ineffective in advising Gutierrez." See Dkt. # 7, Ex. 2. The OCCA further determined that "[t]he record does not support Gutierrez's claim that counsel told him he would receive a sentence of four to ten years if he entered a blind plea." Id.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court set out the applicable standard for reviewing ineffective assistance of counsel claims in the context of guilty pleas. In accord with Strickland, 466 U.S. at 687, a defendant challenging the effective assistance of counsel during the guilty plea process must show that counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Lockhart,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

4

Id. at 58-59. However, "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting Hill, 474 U.S. at 59). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

Petitioner's claim of ineffective assistance of counsel is based on his allegation that his attorney told him he would receive a sentence of between 4 and 10 years if he entered a blind plea to the charge of Trafficking in Methamphetamine. He was, in fact, sentenced to life imprisonment and, as a result, he claims his blind plea was not voluntarily entered. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).

In this case, the record refutes Petitioner's claims that did not understand the consequences of his blind plea or that he was promised by his attorney that he would receive a sentence of ten (10) years or less. On the "Findings of Fact -- Acceptance of Plea" form (Dkt. # 9-3 at 51), Petitioner stated that he had not "been forced, abused, mistreated, or promised anything by anyone" to induce him to enter his blind pleas. See Dkt. # 9-3 at 52, 56. Petitioner was provided the services of an interpreter to translate the questions on the form from English into Spanish, and he stated that he understood the nature and consequences of the proceeding. Id. 51, 54, 55, 58. At the hearing on his change of plea, Petitioner was again provided the services of an interpreter. See Dkt. # 9 at 3. The record from that hearing reflects that the trial judge confirmed that there was no plea agreement and he carefully explained to Petitioner the range of punishment for each crime, including that the crime of trafficking carried a sentencing range of not less than four years to life imprisonment. Id. at 4. In direct contrast to the allegations made in the habeas petition, Petitioner stated under oath at the change of plea hearing that he understood the range of punishment and that he understood the translation. Id. at 5, 6, 11. The trial judge repeatedly advised Petitioner that he faced a sentencing range of four years to life imprisonment. Id. 11, 16. Petitioner stated that he understood, that he was satisfied with his attorney, and that no threats or promises had been made to induce him to enter his blind pleas. Id. at 16, 17. At the conclusion of the change of plea hearing, the trial judge found that Petitioner's "pleas of no contest and guilty are knowingly and voluntarily entered." Id. at 23.

In addition, the trial judge insured at the change of plea hearing that a factual basis for Petitioner's pleas existed. The facts supporting Petitioner's blind pleas were that he tossed a baggie containing almost 224 grams of methamphetamine under an ice machine, he was in possession of marijuana and a second baggie containing 5.6 grams of methamphetamine, and he ran from police

6

officers and had to be taken to the ground to be handcuffed. See Dkt. # 9 at 14-15. Petitioner was in possession of a substantial amount of methamphetamine, more than ten times the amount necessary for a Trafficking charge, and counsel's strategic decision to recommend that Petitioner enter a plea of no contest was well within the range of reasonable professional assistance. Moreover, based on the record cited above, it is clear that Petitioner was fully informed of the consequences of his guilty plea, that he understood that there was no plea agreement, and that the trial court could impose a maximum sentence of life imprisonment. Despite Petitioner's claims, there is no evidence in the record indicating that trial counsel made a promise or guarantee to Petitioner that the trial court would impose a sentence of less than ten years. Without more, Petitioner has failed to prove that counsel's advice was constitutionally deficient. See Strickland, 466 U.S. at 696-697 (defendants must overcome the "strong presumption" that particular decisions by counsel can be characterized as sound trial strategy). Consequently, the OCCA's conclusion that Petitioner's counsel's performance was not deficient was not contrary to, and did not involve an unreasonable application of, Lockhart and Strickland. The Court further notes that, even if counsel performed deficiently in advising Petitioner to enter blind pleas, Petitioner does not allege in this habeas action that but for counsel's errors, he would not have entered blind pleas and would have insisted ongoing to trial. Lockhart, 474 U.S. at 58-59. Accordingly, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of counsel.

### 2. Trial court's denial of motion to withdraw pleas (ground 2)

As his second ground of error, Petitioner claims that the trial court's denial of his motion to withdraw pleas was an abuse of discretion. In denying this claim on certiorari appeal, the OCCA cited King v. State, 553 P.2d 529, 533 (Okla. Crim. App. 1976) (prescribing procedure for acceptance of pleas of guilty), and found that the trial judge made "sufficient inquiry" during the plea hearing and "there was no abuse of discretion." See Dkt. # 7, Ex. 2 at 2 n.2.

At the hearing on Petitioner's motion to withdraw pleas, Petitioner testified that his attorney told him he would be sentenced to four years if he entered a blind plea. See Dkt. # 9-2 at 8, 9, 12, 13. Brian Rayl, Petitioner's attorney at the change of plea hearing, testified that he told Petitioner, through the translator, that if he pled guilty, he would receive less than ten years but that "it could go up to life." Id. at 21. Mr. Rayl also testified that he made it clear to Petitioner, through the translator, that the "full range of sentencing was in play." Id. at 25. At the conclusion of the hearing, the trial judge reviewed the plea colloquy, including his admonishment to Petitioner that "by entering your plea of no contest today the Court could sentence you up to life in prison . . . he said that he did understand it." Id. at 30. The trial court denied Petitioner's motion to withdraw pleas, concluding that Petitioner "was fully advised as to the consequences of his plea. There was no plea agreement reached by the Court. His plea was knowingly and willingly entered and accepted and within the range of punishment provided for by the legislature, four to life." Id. at 31.

In determining that the trial judge did not abuse his discretion in denying Petitioner's motion to withdraw his plea, the OCCA applied the correct legal standard in analyzing Petitioner's plea. Moreover, the OCCA's factual conclusions are supported by the record. At the change of plea hearing, the trial judge carefully questioned Petitioner about his understanding of the pleas he was

entering, and about the factual basis for the convictions. Petitioner testified under oath that he fully understood the proceedings, the charges against him, and the range of sentences he faced. The OCCA's decision affirming the district court's denial of Petitioner's motion to withdraw his guilty plea is neither contrary to, nor an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas corpus relief on this ground.

### D.  Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A certificate of appealability is **denied**.  A separate Judgment shall be entered in this case.

**DATED** this 10th day of February, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT